UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUAXESS 2 INC., | Case No.:  1:23-cv-03137 |
| Plaintiff, | |
| -against- | **COMPLAINT**<br>**WITH JURY DEMAND** |
| TURKISH AIRLINES INC. a/k/a TURKISH AIRLINES, | |
| Defendant. | |

Plaintiff NUAXESS 2 INC., by its undersigned counsel, complaining of defendant TURKISH

AIRLINES INC. a/k/a TURKISH AIRLINES, state as follows:

## NATURE OF THE ACTION

1.      This is an action to recover compensation owed to Plaintiff from Defendant for the

provision of comprehensive staffing and health benefit services provided to Defendant and

Defendant's employees.

2.      Plaintiff has been injured due to Defendant's failure to compensate Plaintiff for these

services in an amount to be determined at trial, but not less than One Million Four Hundred Twenty-

Eight Thousand Six Hundred Twenty-Six Dollars and Forty-Seven Cents ($1,428,626.47).

## PARTIES

3.      Plaintiff NuAxess 2 Inc. ("NuAxess" or "Plaintiff") is a corporation formed under the

laws of the State of Delaware with its principal place of business in Garland, Texas.

4.      Defendant Turkish Airlines Inc. a/k/a Turkish Airlines ("Turkish Airlines" or

"Defendant") is a domestic corporation formed under the laws of the State of New York, with its

principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over Defendant in that Defendant is a New York domiciliary as incorporated in the State of New York.  Defendant also transacts business in this State.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00 and the Plaintiff and Defendant are citizens of different states.

7.     Venue is proper in this District as Defendant's principal place of business is located in Manhattan, which is within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.     Plaintiff's Business

8.     Plaintiff provides, *inter alia*, staffing services related to the provision of employee benefits that operate similarly to health insurance.

9.     Plaintiff provides affordable major medical health insurance plans and other employee benefit products and services through its service platforms.

10.    One such benefit product that Plaintiff provides is its NuAxess Healthcare Plan ("NHP"), which is a proprietary self-insured health plan that is ERISA-qualified.

11.    The NHP includes, *inter alia*, wellness and prevention programs, employee health saving accounts, transparency in provider costs and claims data, and shared savings programs.

12.    Plaintiff provides employers and their employees with valuable aggregated HIPAA-compliant data through Plaintiff's employer of record staffing companies, use of contracted professional employer organization services, and its proprietary healthcare account administration.

13.     This aggregated HIPAA-compliant data can be used to analyze and evaluate healthcare services to support medical reinsurance stop-loss risk taking business via captive reinsurance companies.

14.     Plaintiff is not an insurance company.

**B.     Defendant' Business**

15.     Defendant is or is an affiliate, parent, or subsidiary of the Turkish Airlines, a commercial airline company.

16.     Turkish Airlines is the national flag carrier airline of Turkey.

17.     Defendant Turkish Airlines was incorporated in New York as a domestic New York corporation in 1988.

18.     Defendant's office headquarters is located in the Empire State Building, New York, New York.

**C.     The Parties' Business Arrangement**

19.     Plaintiff provided comprehensive health benefits to Defendant for two hundred and sixteen (216) of Defendant's employees under the NHP from October 2020 through March 2021, including dental, vision, and medical care benefits.

20.     Defendant and Defendant's employees signed onto the NHP through Defendant's agent InsurZoom.com Brokerage Inc. ("InsurZoom").

21.     InsurZoom is a New York insurance brokerage company.

22.     InsureZoom's office is located at 140 Broadway, New York, New York.

23.     As consideration for referring Defendant and Defendant's employees to Plaintiff, InsurZoom received commissions from Plaintiff.

24.     Plaintiff's primary service to Defendant and Defendant's employees was the provision of health claim administration and resolution on behalf of Defendant's employees.

25.     Plaintiff and Defendant's business transaction concerning the NHP and Plaintiff's invoices to Defendant related thereto went through Defendant's agent InsurZoom.

26.     All of Plaintiff's invoices to Defendant related to the parties' business transaction were tendered by email to InsurZoom's CEO, Antony Bernato at abernato@insurzoom.com.

**D.     Claims Paid**

27.     From October 2020 through January 2022, Plaintiff paid approximately One Million Three Hundred Eighteen Thousand Dollars ($1,318,000.00) in claims made by or for Defendant's benefit and the benefit of Defendant's employees under the NHP.

**E.     Termination of NHP Services to Defendant**

28.     Plaintiff ceased claims payments and terminated further provision of the NHP service to Defendant and its employees as of March 31, 2021.

29.     In addition to the claims being greater than the billing Plaintiff invoiced Defendant for the NHP Services,[1] Defendant also failed to pay Plaintiff's invoices.

**F.     Outstanding Invoices**

30.     Plaintiff invoiced Defendant a total of Seven Hundred Twenty-Three Thousand Five Hundred Eighty-Six Dollars and Seventy Cents ($723,586.70) for the NHP services over the period of October through December of 2020.

---

[1] Plaintiff reserves its right to amend this Complaint upon the discovery in this Action or otherwise as pertaining to Defendant's and its employee's possible misrepresentations to Plaintiff of the superior health of Defendant's employees to induce Plaintiff's provision of the NHP to Defendant and its employees.

31.     Plaintiff invoiced Defendant a total of Seven Hundred Five Thousand Thirty-Nine Dollars and Seventy-Seven Cents ($705,039.77) for the NHP services over the period of January through March of 2021.

## FIRST CAUSE OF ACTION
### (Breach of Implied Contract)

32.     Plaintiff repeats and realleges the foregoing allegations as though fully stated herein, and further alleges as follows.

33.     Plaintiff intended to provide the NHP services to Defendant and its employees as evidenced by provision of the NHP services to Defendant's employees over a period of months spanning 2020 and 2021.

34.     Defendant intended to accept the provision of NHP services from Plaintiff as demonstrated by Defendant's and its employees receipt of the NHP services to Defendant's employees over a period of months spanning 2020 and 2021.

35.     Defendant's agent InsurZoom represented itself as Defendant's authorized agent for purpose of the NHP services.

36.     Defendant has never repudiated the provision of the NHP service to Defendant and its employees.

37.     Defendant's agent InsurZoom has never repudiated the provision of the NHP service to Defendant and its employees.

38.     Plaintiff paid a total of approximately One Million Three Hundred Eighteen Thousand Dollars ($1,318,000.00) for the benefit of Defendant and its employees pursuant to the NHP.

39.     Defendant accepted the benefit of Plaintiff's performance of the NHP services.

40.     Defendant agreed, through its agent InsurZoom, to compensate Plaintiff for provision of the NHP service to Defendant and Defendant's employees.

41.     Each invoice sent to Defendant via its agent InsurZoom indicated a date upon which the payment was due, with provision for late fees of 1% of the outstanding balance thereafter.

42.     The due dates in Plaintiff's invoices sent to Defendant required the payment to be made within approximately 15 days of the date of the invoice.

43.     It is often industry custom for Plaintiff's billing and invoices to be sent to the NHP customer through a third-party agent.

44.     A contract between Plaintiff and Defendant is implied based on the parties' foregoing specific conduct, industry custom, and course of dealing.

45.     Defendant breached the implied contract between Defendant and Plaintiff.

46.     Defendant has failed to pay the principal balance owned under the invoices in the amount of Seven Hundred Twenty-Three Thousand Five Hundred Eighty-Six Dollars and Seventy Cents ($723,586.70) for the NHP services over the period of October through December of 2020.

47.     Defendant has failed to pay the late fee on the principal balance owned under the invoices for the NHP services over the period of October through December of 2020.

48.     Defendant has failed to pay the principal balance owned under the invoices in the amount of Seven Hundred Five Thousand Thirty-Nine Dollars and Seventy-Seven Cents ($705,039.77) for the NHP services over the period of January through March of 2021.

49.     Due to Defendant's breach of the parties' implied contract, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus interest.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

50.     Plaintiff repeats and realleges the foregoing allegations as though fully stated herein, and further alleges as follows in the alternative to the First and Third Causes of Action.

51.     Defendant was aware Plaintiff's existence at all relevant times.

52.     Defendant was aware at all relevant times that approximately 216 of Defendant's employees received comprehensive health care benefits through Plaintiff's NHP.

53.     Defendant was aware at all relevant times that Plaintiff's provision of the NHP services to Defendant and its employees was not free of charge, cost-free, or gratuitous.

54.     Defendant was enriched by the comprehensive medical care and benefits provided to Defendant's employees under the NHP.

55.     Defendant's enrichment was at Plaintiff's expense in the approximate amount of One Million Three Hundred Eighteen Thousand Dollars ($1,318,000.00) in its employee's claims Plaintiff paid under the NHP.

56.     It is against equity and good conscience to permit Defendant to retain benefit conferred on Defendant and its employes without payment therefor to Plaintiff.

57.     Defendant has an equitable obligation to Plaintiff to compensate Plaintiff for the benefit conferred on Defendant and its employees under the NHP.

58.     Due to Defendant's unjust enrichment, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus interest.


### THIRD CAUSE OF ACTION
**(Quantum Meruit)**

59.     Plaintiff repeats and realleges the foregoing allegations as though fully stated herein, and further alleges as follows in the alternative to the First and Second Causes of Action.

60.     Plaintiff provided the NHP services to Defendant in good faith.

61.     Plaintiff paid One Million Three Hundred Eighteen Thousand Dollars ($1,318,000.00) in Defendant's employee's claims.

62.     Defendant accepted Plaintiff's provision of the NHP services to Defendant and Defendant's employees.

63.     Plaintiff expected at all relevant times to be compensated for the provision of the NHP services to Defendant and Defendant's employees.

64.     Plaintiff has invoiced Defendant for the reasonable value of the NHP services.

65.     Defendant has failed to pay Plaintiff for the NHP services.

66.     Plaintiff is entitled to the amount earned by its provision of the NHP services to Defendant and Defendant's employees, in an amount to be determined at trial, plus interest.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows.

A.      On the FIRST CAUSE OF ACTION due to Defendant's breach of the parties' implied contract, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus interest.

B.      In the alternative, on the SECOND CAUSE OF ACTION due to due to Defendant's unjust enrichment, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus interest.

C.      In the alternative, on the THIRD CAUSE OF ACTION, Plaintiff is entitled to the amount earned by its provision of the NHP services to Defendant and Defendant's employees, in an amount to be determined at trial, plus interest.

D.      Such other, further, and different relief as the Court deems just and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
      March 22, 2023

WOODS LONERGAN PLLC

Lawrence Lonergan, Esq. (LL4744)
James F. Woods, Esq. (JW3211)
Annie E. Causey, Esq. (AC5795)
60 East 42nd Street, Suite 1410
New York, NY 10165
(212) 684-2500
llonergan@wlesq.com
jwoods@woodslaw.com
acausey@woodslaw.com
*Attorneys for Plaintiff*