# WOODS LONERGAN PLLC

### ATTORNEYS AT LAW

woodslaw.com

One Grand Central Place
60 East 42nd St., Suite 1410
New York, NY 10165
Tel: 212 684 2500
Fax: 212 684 2512

James F. Woods, Esq.
jwoods@woodslaw.com

Lawrence Lonergan, Esq.
llonergan@woodslaw.com

Annie E. Causey, Esq.
aecausey@woodslaw.com

Wednesday, May 17, 2023

By **May 31, 2023**, Plaintiff shall file an amended complaint consistent with the below. By **June 7, 2023**, Defendant shall file a pre-motion letter or a letter with a proposed date to answer the amended complaint. If Defendant files a pre-motion letter, Plaintiff shall file a response by **June 13, 2023**.

The initial pretrial conference scheduled for June 7, 2023, is adjourned to **June 21, 2023, at 4:00 P.M.** At that time, the parties shall call 888-363-4749 and use the access code 558-3333. The deadline for the parties to file the joint letter and proposed civil case management plan and scheduling order is extended to **June 14, 2023, at 12:00 P.M.**

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 14.

Dated:  May 24, 2023
         New York, New York

Via ECF
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    NuAxess 2 Inc. v. Turkish Airlines Inc.
       Case No.: 23-cv-03137-LGS

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dear Judge Schofield:

We represent Plaintiff NuAxess 2 Inc. ("Plaintiff") in the above-referenced action ("Action"). We respectfully submit this reply letter to the motion of defendant Turkish Airlines, Inc. ("Defendant") and non-party Türk Hava Yollari Anonim Ortakligi ("THY") for a pre-motion conference and briefing schedule for Defendant's anticipated Rule 12(b)(6) and Rule 12(b)(7) motion ("Motion").

1. **Defendant/THY's Use of Their Agent InsurZoom Does Not Shield Defendant/THY From Liability on The Complaint's Claims For Unjust Enrichment, Breach of Implied Contract, and Quantum Meruit.**

The Complaint alleges Defendant received health benefit services from Plaintiff, and for the period October 2020 through March 2021, an amount of $1,428,626.47 is due and owing. The Motion asserts that THY received these benefits, not Defendant, and that THY paid the amount due to Plaintiff to THY's agent, InsurZoom.

"According to the Restatement of Agency, an agent who makes a contract for a disclosed principal 'becomes neither a party to the contract nor liable for the performance of the contract.' *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir.1985) (citing Restatement (2d) of Agency §§ 320, 328). Accordingly, an agent of a disclosed principal is not liable for breach of contract. *Seguros Banvenez, S.A.*, 761 F.2d at 860 (citing *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 808 (2d Cir.1971))" (Fireman's Fund McMgee Mar. v. M/V CAROLINE, 2004 AMC 430 (SDNY Feb. 11, 2004). While THY and/or Defendant may have a cause of action against its/their agent InsurZoom, Plaintiff's relationship is with Defendant/THY – not the agent

# WOODS LONERGAN PLLC
ATTORNEYS AT LAW

of Defendant/THY, as an agent of a disclosed principal cannot be held liable on its principal's contract or implied contract.

Here, the Complaint does not allege that InsurZoom was Plaintiff's agent or even a dual agent; rather, that all considerations in the structuring and performance of the health benefit services Plaintiff tendered to Defendant/THY went to Defendant/THY through Defendant/THY's agent, InsurZoom.

Thus, the Complaint alleges a direct, substantial and years' long relationship between Plaintiff and Defendant/THY whereby Defendant/THY applied to Plaintiff for health benefit services for certain of its employees and then received those health benefit services from Plaintiff.

The allegation of InsurZoom's involvement as Defendant/THY's apparent agent does not displace the unjust enrichment or implied contract claim, and the cases relied upon by Defendant/THY are inapposite to the allegations in the Complaint. For example, *In re Motel 6 Sec. Litig.*, No. 93 CIV. 2183 (JFK), 1997 WL 154011, at *7 (S.D.N.Y. Apr. 2, 1997) concerned the mere contemporaneousness of a transaction as an insufficient basis to establish a relationship. Notably, Defendant/THY presents no case where an unjust enrichment or implied contract claim could not be sustained on the basis that the parties used one or more agents to transact their business or other dealings with one another.

By accepting Plaintiff's services of health benefits for Plaintiff's employees, Defendant/THY ratified the admitted, apparent, and actual authority of Defendant's agent InsurZoom to act on Defendant/THY's behalf regarding the services. Indeed, Defendant/THY does not deny they transacted business with Plaintiff through Defendant/THYs agent InsurZoom for Plaintiff's health plan services.

As to the Complaint's quantum meruit claim, Defendant/THY's admission that it received Plaintiff's health benefit services, paid the invoices to Plaintiff through Defendant's agent InsurZoom, and that InsurZoom (apparently) failed to deliver Defendant/THY's payment to Plaintiff, does not resolve Defendant/THY's liability to Plaintiff on documentary evidence. Payment to InsurZoom is not payment to Plaintiff, as InsurZoom is not Plaintiff's agent.

2.  **InsurZoom Is Not A Necessary Party To Plaintiff's Claims; Defendant/THY Can Implead InsurZoom.**

Rather, Defendant/THY may have a claim against its agent InsurZoom for breach of fiduciary duty. *See gen.*, Johnson v. Priceline.com, Inc., 711 F.3d 271, 277 (2d Cir. 2013) ("[a]n agent is a fiduciary with respect to matters within the scope of his agency" [Second Restatement § 13]"). Rule 14 of the Federal Rules of Civil Procedure permits Defendant to implead InsurZoom as that *See* Fed. R. Civ. P. 14 ("defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it").

InsurZoom, as Defendant/THY's agent, owed a duty of loyalty and honesty to Defendant/THY, but Plaintiff did not have an agency relationship with InsurZoom insofar as the historical account is presently understood by Plaintiff's incoming management, and subject to further disclosures and discovery.

# WOODS LONERGAN PLLC

ATTORNEYS AT LAW

Rule 12(b)(7) of the Federal rules of Civil Procedure provides for a dismissal of a complaint where the plaintiff has failed to join a necessary party under Rule 19. Rule 19 sets forth a two-prong test to determine whether an action must be dismissed pursuant to a Rule 12(b)(7) motion. The first prong considers the requirements of when a party is "necessary" to an action. In order to determine if a party is "necessary," the Court must determine whether: (1) complete relief can be granted to the present parties; or (2) if the third party claims an interest in the disposition of the current proceedings, and that interest would be impaired if he were not a party to the present action, or the present parties would be subject to future liability because of the failure to join the third party. *See* [Fed. R. Civ. P. 19](#); [ConnTech Dev. Co. v. University of Conn. Educ. Properties, 102 F.3d 677, 681 (2d Cir.1996)](#) (stating that the court must first determine whether the party is necessary, then it must determine whether joinder is feasible).

Here, complete relief can be granted as between Plaintiff and Defendant/THY, rendering InsurZoom an unnecessary party. Defendant/THY admits receiving Plaintiff's health benefit services and admits that it has not paid Plaintiff for those services. That Defendant/THY alleges it gave the money to its agent to transfer to Plaintiff does not impede the resolution of Plaintiff's claim for the monies from Defendant/THY. Rather, Defendant/THY can implead InsurZoom as a faithless servant for the monies Defendant/THY alleges it paid Plaintiff through Defendant/THY's agent InsurZoom. Moreover, InsurZoom is a New York domestic corporation, and the Court is able to order InsurZoom joined to the Action without need to assess whether dismissal is appropriate under circumstances where joinder is not possible, if the Court first determines InsurZoom is necessary. *See gen*., [Fanbrella, Inc. v EDT Products, Inc., 185 FRD 144, 147 (EDNY 1999)](#).

**3.   Addition of THY as Additional Defendant.**

Finally, Defendant asserts THY – not Defendant – is the party in privity with Plaintiff for the health benefit services. As Plaintiff is unable to confirm this allegation, it is proposed that THY be added as an additional defendant but not to the discontinuance of the Action against Defendant.[1]

**4.   Proposed Briefing Schedule.**

We welcome the opportunity to confer with the Court on the Motion. To the extent the Motion proceeds and a briefing schedule is set, we reject the schedule proposed by Defendant/THY and would request not less than 30 days on any opposition papers responding to the Motion.

Respectfully submitted,
*/s/ James F. Woods*
James F. Woods, Esq.
Lawrence Lonergan, Esq.
Annie E. Causey, Esq.

---

[1] Despite the footnote in the Motion concerning Defendant's counsel's attempts to communicate with Plaintiff's counsel regarding waiver of service for Defendant and THY, this office called and left a detailed voicemail with Defendant's counsel on May 5, 2023, which was not returned, and promptly responded to Defendant's counsel's email of May 10, 2023, requesting Defendant's counsel to enter an appearance on the docket and seeking to speak thereafter, to which Defendant's counsel also did not respond.